IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCUS LIMES
2205 Wintergreen Avenue
District Heights, Maryland 20747

    Plaintiff

v.

PRINCE GEORGE'S COUNTY BOARD OF
EDUCATION
14201 School Lane
Upper Marlboro, MD 20772    Case No.:

    Defendant

## COMPLAINT

Comes now the Plaintiff, Marcus Limes ("Mr. Limes or Plaintiff") by and through undersigned counsel, and hereby files this employment discrimination, retaliation and hostile work environment complaint against the Prince George's County Board of Education.

## INTRODUCTION

Plaintiff brings this complaint following widespread racial discrimination and harassment suffered during his employment with the Prince George's County Public Schools, Prince George's County Board of Education. Mr. Limes, who is African American, was called the N-word, had his life threatened, experienced trash thrown on his property, rotten apples stuffed into his work uniform, was removed from schedules, called racial epithets, and denied promotion opportunities because he is a black male who has been employed with Defendant since 1994.

1

## PARTIES

1. Marcus Limes ("Plaintiff") is an individual citizen and resident of Prince George's County, Maryland.  Mr. Limes' home address is 2205 Wintergreen Avenue, District Heights, Maryland 20747.

2. Defendant Prince George's County Board Of Education is the official policymaking and oversight body for Prince George's County Public Schools, and has its offices at 14201 School Lane, Upper Marlboro, MD 20772.

3. Defendant is Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

4. The employment actions, decisions and activities relevant to this case occurred in Prince George's County, Maryland.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to claims arising under federal law pursuant to 28 U.S.C. §1331.

6. This Court has personal jurisdiction over all parties.  The parties are residents and/or have their corporate offices in the State of Maryland.

7. Venue is vested in this Court pursuant to Title VII of the Civil Rights Act of 1964.

8. Mr. Limes administratively exhausted all claims in this Complaint. On November 22, 2021, Mr. Limes filed an original charge with the EEOC alleging discrimination, retaliation and hostile work environment based on his Race, Color and Age.

9. On or about August 15, 2022, Mr. Limes filed an amended EEOC charge alleging discrimination, retaliation and hostile work environment based on his Race, Color and Age.

10. More than 180 days have passed since Mr. Limes filed his amended EEOC Charge. Plaintiff has administratively exhausted all remedies prior to filing this suit. On March 14, 2023 the EEOC issued an order transferring the case to the DOJ for issuing a right to sue letter. (Ex. 1)

## FACTS

1. Plaintiff is an African American Black male over the age of 40.

2. Plaintiff was employed as a Painter with Defendant.

3. Plaintiff has been employed with Defendant since 1994.

4. Throughout all times relevant to this complaint, Plaintiff's supervisor was a White male. ("the Supervisor.")

5. During Plaintiff's employment, his supervisor routinely provided preferential treatment to White, younger employees.

6. During Plaintiff's employment, Plaintiff's supervisor fostered an environment where he promoted racial segregation and discrimination against African American employees.

7. In a continuous and ongoing pattern, Plaintiff's supervisor allowed White employees to paint the "N word" on bathroom stalls.

8. Plaintiff's supervisor allowed White employees to post racially derogatory pictures of monkeys which were intended to be discriminatory towards African American employees.

9. Plaintiff's supervisor allowed White employees to post pictures of President Barak Obama being murdered by Donald Trump.

Case 8:23-cv-01576-AAQ   Document 1   Filed 06/11/23   Page 4 of 11

10. Plaintiff's supervisor allowed employees to use the "N Word" and other racially derogatory remarks in the workplace towards African American employees.

11. This racially discriminatory work environment was continuous and ongoing.

12. The racially discriminatory work environment was severe and outrageous.

13. In May 2022, a White employee was allowed to place a rotten apple in Plaintiff's work uniform. The rotten apple was placed in Plaintiff's uniform due to his race, age and prior protected activity concerning discrimination in the workplace.

14. Later in 2022, a White employee erased Plaintiff's name from various work schedules.

15. On at least one occasion, referring to older African American employees, Plaintiff's supervisor stated "they needed to get the older [African American] employees out of there so that they could higher some younger guys" or words to that effect.

16. On at least one occasion, Plaintiff's supervisor stated that he hoped Plaintiff was physically harmed.

17. While Plaintiff was supervised by the Supervisor, Plaintiff has repeatedly applied for a promotion to a "Painter II" position.

18. The Painter II position is a senior painter position and includes additional salary and benefits.

19. Throughout Plaintiff's employment while under the supervision of the Supervisor, Plaintiff has been denied promotion based on his race and/or race and age and his prior protected activity complaining about discrimination in the workplace.

4

20. Throughout Plaintiff's employment while under the supervision of the Supervisor, the Supervisor has promoted White, younger employees that were substantially less qualified and/or had substantially less experience than Plaintiff.

21. In some instances, Plaintiff was tasked to train the White, younger employees that were promoted.

22. In January, 2015, Plaintiff filed a formal EEOC complaint complaining about the lack of promotions based on his race and age.

23. Soon thereafter, Plaintiff's supervisor, working with White employees, wrote death threats to Plaintiff.

24. Soon thereafter, Plaintiff's supervisor, began assigning Plaintiff more difficult tasks.

25. On May 24, 2021, Plaintiff, again, applied for a Painter II (Painter II-IRC 155958) position.  The Painter II position was a promotion and included additional pay and benefits.

26. On June 2, 2021, Plaintiff was notified that he was not selected for the position.

27. Following that non-selection, Plaintiff has continued to receive threats from Plaintiff's supervisor and White coworkers.

28.  On February 7, 2022, a coworker of Plaintiff of Plaintiff's told Plaintiff that his supervisor had stated that he is not hiring any more "old guys."

29. Upon information and belief, this statement was intended to mean that Plaintiff's supervisor was not hiring any older African American employees.

**COUNT I –DISCRIMINATION BECAUSE OF RACE AND COLOR IN VIOLATION OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

30. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

31. The Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. protects employees from unlawful race discrimination.

32. Plaintiff has a right under the Title VII to compensation, terms, conditions, or privileges of employment, including a non-hostile work environment, free from discrimination or harassment because of his race and color.  While employed as a Painter at Prince George's County Public Schools, Plaintiff was discriminated against on the basis of his race and age when he was denied a promotion to Painter II.   The Defendant selected less qualified, White candidates who were younger than Plaintiff on the basis of his race and color.

33. Defendant discriminated against Plaintiff and violated his rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

**COUNT II – RETALIATION  (RETALIATION AND RETALIATORY HOSTILE WORK ENVIORNMENT)**

34. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

35. Defendant retaliated against Plaintiff based on his protected complaints about unlawful race and age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

36. Plaintiff engaged in protected activity by opposing discriminatory and retaliatory employment practices to Defendant's employees, Plaintiff's supervisors and Defendant's HR Department and other employees.  Plaintiff held the reasonable, good-faith belief that Plaintiff was complaining about unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

37. Plaintiff engaged in protected activity by engaging in participation activity.

38. Plaintiff filed complaints with the MCCR, the EEOC and other state administrative agencies responsible for administering the aforementioned statutes.

39. Plaintiff also filed a united states district court complaint alleging discrimination and retaliation while employed with Defendant.

40. At the time, Plaintiff maintained a reasonable belief that he was opposing unlawful employment practices under the aforementioned statues.

41. When Plaintiff voiced the aforementioned opposition (and engage in participation activity) to Defendant, Plaintiff had the reasonable belief that he was opposing unlawful discriminatory employment practices.

42. Defendant and Defendant's agents were aware of Plaintiff's protected activity.

43. Plaintiff has suffered adverse actions because of his protected activity. Defendant denied Plaintiff promotion opportunities and engaged in a retaliatory hostile work environment.

44. Defendant took the aforementioned adverse actions against Plaintiff because of his protected activity.

45. Defendant's adverse actions against Plaintiff were motivated, in whole or in part, by Plaintiff' protected activity.

46. Plaintiff suffered a continuing retaliatory hostile work environment because of Plaintiff's protected activity.

47. The continuing hostile work environment was motivated in whole -or in part - because of Plaintiff's protected activity.

48. The continuing hostile work environment was severe and pervasive.

49. Plaintiff suffered adverse actions and was denied employment opportunities, Plaintiff was disciplined, Plaintiff was subject to intimidation and ridicule, Plaintiff had his duties and job functions reassigned, Plaintiff was denied promotions and Plaintiff suffered a retaliatory hostile work environment.

50. There is a causal connection between Plaintiff's protected activity and adverse employment actions suffered by Plaintiff.

51. The aforementioned environment was unwelcome. Plaintiff asked Defendant to correct its behavior and reported these incidents to no avail.

52. Plaintiff administratively exhausted his remedies prior to filing this suit.

53. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

54. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendants actions.

**COUNT III – DISCRIMINATION BECAUSE OF RACE  (HOSTILE WORK ENVIRONMENT)**

55. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

56. While employed as a Painter at Prince George's County Public Schools, Plaintiff was harassed, with impunity, by White coworkers, his supervisor with physical threats, destruction of property, racially derogatory words and signage because of his race and age.

69. The harassment Plaintiff endured was unwelcome. Plaintiff complained to Defendant to correct the behavior and reported incidents of harassment to supervisor, human resources and management to no avail.

8

70. This harassment was sufficiently severe or pervasive as to alter the terms, conditions, and privileges of Plaintiff's employment, and to create an abusive, intimidating, humiliating, hostile, offensive working environment for Plaintiff.

71. The persistent discrimination, harassment, and hostile work environment that Plaintiff endured was so severe and pervasive.

72. Defendant willfully ignored or were recklessly indifferent to the discrimination, harassment, and hostile work environment to which Plaintiff was subjected.

73. The Defendant had actual and constructive knowledge and/or is liable for the hostile work environment from which Plaintiff was suffering and did not take appropriate remedial action.

76. The Defendant violated Plaintiff's rights protected Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Limes respectfully requests that this Court enter Judgment in his favor and against Defendant on all claims as follows:

A. Enter a declaratory judgment that the actions of Defendant complained herein are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

B. An award of appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the discrimination Plaintiff endured, including but not limited to reinstatement or front pay;

C. An award of compensation for past and future pecuniary losses resulting from the unlawful discrimination described above, including job search expenses, in amounts to be

determined at trial;

D. An award of compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, embarrassment, anxiety, stress, depression, humiliation, loss of enjoyment of life, and violation of his dignity, in amounts to be determined at trial;

E. Issue permanent injunctive relief ordering Defendant, their agents, employees, successors, and all others acting in concert with Defendant, to refrain from discriminating on the basis of race and age in the provision of compensation, terms, conditions, or privileges of employment, and requiring Defendant to implement such training for students, staff, and administrators at Prince George's County Public Schools regarding the nondiscriminatory treatment of transgender and gender nonconforming persons;

F. Award Mr. Limes punitive damages;

G. Award Mr. Limes the costs and disbursements of this action, including reasonable attorneys' fees; and

H. Grant such other and further relief in favor of Mr. Limes as this Court deems just,

## JURY DEMAND

Plaintiff herein demands a jury for all issues to be tried in this case.

Dated: June 11, 2023

Respectfully Submitted,

*Daniel E. Kenney*
Daniel E. Kenney, Esq.
Bar No. 18369
DK Associates, LLC
5425 Wisconsin Avenue, Suite 600
Chevy Chase, MD 20815
202-430-5966 Phone
dan@dkemployment.com
Attorney No. 1106150144

*Attorney for Plaintiff*